statutory notification period. As stated, in my view, courts should consider information relating to the accident, including the availability of eyewitness statements and physical evidence, as well as information relating to the delay, including the length and reason for the delay.[1]

78 A.3d 1069

**Valerya McGRIFF, Petitioner**

v.

**STATE CIVIL SERVICE COMMISSION (Department of Public Welfare), Respondent.**

**No. 123 EM 2013.**

Supreme Court of Pennsylvania.

Oct. 30, 2013.

1. Additionally, I question whether the Majority Opinion's statement that the "primary goal" of the Motor Vehicle Financial Responsibility Law (MVFRL) is to "keep automobile insurance affordable" adds anything to a court's review of disputes between insurers and insured in 2013. Maj. Op. at 438–40, 78 A.3d at 1066–67. I have previously "call[ed] for advocates and the judiciary to cease their continued reliance on the unthinking perpetuation of the long-ameliorated concern for cost containment." *Williams v. GEICO Government Employees Ins. Co.,* 613 Pa. 113, 32 A.3d 1195, 1211 (2011). Moreover, a majority of justices have recently recognized that cost containment does not trump all other public policies. *See Heller v. Pa. League of Cities and Municipalities,* 613 Pa. 143, 32 A.3d 1213, 1222 (2011) ("Despite our repeated affirmance of the cost containment policy underlying the MVFRL, we have cautioned that it has limits"); *Williams,* 32 A.3d at 1210 (2011) (Saylor, J. concurring) ("I would also once and for all abandon the rubric that cost containment was the overarching policy concern of the [MVFRL], since the act clearly retained the core remedial objectives of the prior regulatory scheme."). Accordingly, I respectfully reject the Majority's view of the policy of cost-containment as remaining pertinent to judicial interpretation of the MVFRL.

## *ORDER*

PER CURIAM.

**AND NOW,** this 30th day of October, 2013, the Petition for Leave to File Petition for Allowance of Appeal *Nunc Pro Tunc* is **DENIED.**

78 A.3d 1070

**William H. LEAK, Petitioner**

v.

**Honorable Rose Marie DEFINO–NASTASI, Judge of the Court Common Pleas Philadelphia County, Pennsylvania, Respondent.**

**No. 127 EM 2013.**

Supreme Court of Pennsylvania.

Oct. 30, 2013.

## *ORDER*

PER CURIAM.

**AND NOW,** this 30th day of October, 2013, the Application for Leave to File Original Process and the Petition for Writ of Mandamus are **DISMISSED.** *See Commonwealth v. Reid,* 537 Pa. 167, 642 A.2d 453 (1994) (hybrid representation improper). The Prothonotary is directed to forward the filings to counsel of record. The Prothonotary is directed to strike the name of the jurist from the caption.